Jasen, J.
The issues presented on this cross appeal concern the correctness of an accounting rendered upon the dissolution of a partnership.
The parties, partners in a leather-goods business, also made investments in a number of real estate ventures in the defendant’s name. On February 24, 1960, the plaintiff commenced an action against defendant, his brother, seeking a dissolution of their partnership and an accounting of all partnership property. The major issue of dispute throughout these proceedings has been whether the brothers were subpartners in the real estate investments. In July of 1963, Special Term entered an interlocutory judgment finding that the parties were partners in the aforementioned real estate investments and ordered an accounting. On appeal, the Appellate Division unanimously modified the judgment so as to include the leather-goods business in the accounting since the income and proceeds from that business, the court held, had been used to finance some of the real estate investments.
Thereafter, defendant rendered an account to which plaintiff interposed nine objections. Special Term’s disposition of these objections was modified by the Appellate Division.
We affirm the order of the Appellate Division in all respects, except as to Objection No. 1.
In that objection the plaintiff claims that $36,500 in income, received by defendant from premises known as 5 Westminster Road, was partnership income and, therefore, should have been included in the account filed.
The record discloses that the plaintiff drew his money, as partner, principally from the leather-goods business portion of the partnership, while the defendant primarily drew his money from the income of 5 Westminster Road and other real property in which the brothers each had an equal participating interest. However, it seems quite evident that in arriving at partnership income, the parties took into consideration income from both the leather-goods business, as well as their real estate investments. Indeed, the defendant admitted that the profit from the leather-goods business was considered together *239 with the income from 5 Westminster Road when arriving at partnership drawings.
Moreover, defendant’s initial accounting showed that his drawings from the leather-goods business from 1946 to 1960 amounted to $12,250, while plaintiff withdrew $95,867.60. Since they were equal partners, this differential can only be explained by the fact that defendant was primarily withdrawing funds from another source of partnership income—i.e., 5 Westminster Road. Thus, it seems abundantly clear that the income from this real estate was partnership property and subject to an accounting.
However, prior to the entry of the interlocutory judgment, the parties’ wives (in whose names 5 Westminster Road was nominally held) commenced an action to partition this property. The action was settled by a private auction between the parties with the defendant emerging as high bidder. There was no indication that the purchase price included accrued profits.
The interlocutory judgment entered in 1963 contained a reference to this property, as follows: “ further ordered, adjudged, and decreed that beginning in 1943, plaintiff and defendant began to invest as partners in the acquisition of real estate and participations in real estate transactions, the first purchase having been made by them in the names of their wives, of property known as 5 Westminster Road, Brooklyn, New York, and their interests in that property were disposed of by mutual agreement; and neither the plaintiff nor the defendant has any claim against the other with respect to said premises ”. (Emphasis added.)
The courts below construed this provision to be a general release of all claims each partner had against the other as to 5 Westminster Road, including defendant’s draw of $36,500 from the income of this property.
We cannot accept this conclusion. In our judgment, this paragraph was added to the interlocutory judgment in 1963 to acknowledge that the partnership no longer had title to 5 Westminster Road as a result of the settlement of the earlier partition action.
The partition action, brought by the wives of the parties, did not seek an accounting of the income derived by the defendant from the premises, but, instead, sought to adjudicate the *240 controversy between the parties as to the value of the premises and the division of the proceeds therefrom. We should recognize that, once income was derived from these premises, it became partnership property in which the plaintiff was entitled to a 50% share. Plaintiff’s demand that defendant account for the income from this partnership asset is not a claim against the premises, but rather against the proceeds therefrom, prior to the partition sale. To interpret this clause as a relinquishment of all claims on the income from this property is, we believe, to give it a strained meaning.
Moreover, the 1963 interlocutory judgment ordered defendant to account for all income received by him “ in any form whatsoever ” from their partnership participations. To exclude the income from 5 Westminster Road would be contrary to the interlocutory decree. Consequently, defendant should be charged with his drawings from the income produced by 5 Westminster Road.
As to plaintiff’s contention that the award of interest on his recovery was inadequate and contrary to law, we find no merit.
Accordingly, the order of the Appellate Division should be modified so as to sustain plaintiff’s Objection No. 1 and, as so modified, affirmed.
Chief Judge Fuld and Judges Soileppi, Bbrgan, Breitel and Gibson concur; Judge Burke taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed without costs.